## LEVERET AND BELLAMY V. SHERMAN.

ACTION declaring that on the 2d of October, A. D. 1786, they purchased of the defendant a piece of land, lying in Washington, containing about three-quarters of an acre, together with a store and barn thereon standing, and that the plaintiffs and the defendant did enter into the following agreement, viz. Washington, October 2d, 1786, agreed that David

Leveret, Jr. and Co. give to Peter Sherman £170, lawful money, for his store, land and barn, in said Washington, one-half to be paid next spring, in cash, when said Sherman is to quit said store and execute a warranty deed of the same to said Leveret and Co. and half the spring following, in good neat cattle, on interest from the first payment till paid; and the plaintiffs say that the defendant did not quit said store nor execute a warranty deed to the plaintiffs in the spring succeeding October, A. D. 1786, according to said agreement, but continued in possession of said premises, and utterly refused to quit or convey the same to the plaintiffs, whereby an action has accrued to the plaintiffs to recover of the defendant their just damages, which is £100, lawful money, writ dated 15th November, A. D. 1788. Plea — Not guilty. Issue to the court.

Judgment — That the defendant is not guilty.

The two preceding cases were heard and tried by the court together, and upon the evidence, the court found that neither of the parties had performed or made any tender of performing their parts of the agreement. The question then came up, whether, as they were mutual covenants, one was the consideration of the other; and so a performance not necessary to be laid in the declaration, nor to be proved on the trial.

The defendants, in the first action, insisted that the plaintiff, by the stipulations in the agreement, was to do the first act, viz. was to quit the store, etc. and to give a deed of the premises the then next spring; when, and not till that was done, did the duty of paying arise; but it was the opinion of the court, that by the terms of the contract; the quitting the store, etc. and giving a deed of the premises, the then next spring, when half of the price was to be paid, were concurrent, concomitant acts, to be performed by each of the parties at the same time; and that neither had right to recover, without a performance of his or their part of the agreement, or at least an offer to perform it.